UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DARIUS QUINARD CARLISLE, | ) | CASE NO. 1:08 CV 2527 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. KATZ |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| J.T. SHARTLE, | ) | |
| | ) | |
| Respondent. | ) | |

On October 24, 2008, pro se petitioner Darius Quinard Carlisle filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Carlisle, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), brings this action against F.C.I. Elkton Warden J.T. Shartle. Petitioner asserts he is actually innocent of his conviction for violating 18 U.S.C. §§1951 and §924(c)(1)(A).

*Background*

In 2004, Mr. Carlisle was indicted in the United States District Court for the Southern District of West Virginia and charged with violating 18 U.S.C. §§1951 and 924(c)(1)(A). See United States v. Carlisle, No. 2:04cr00096 (S.D. WV 2004). After his conviction, petitioner was sentenced to 216 months in prison on February 25, 2005.

On an undisclosed date, Mr. Carlisle filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The district court denied the motion as time barred on July 22, 2008. He then filed the § 2241 petition for habeas corpus relief that is now before this court.

*Analysis*

There are two grounds for relief stated in Mr. Carlisle's petition. First, he asks this court to determine "[w]hether the Goverment [sic] . . . overreaching amounted to the violation of Due Process. (Pet. at ¶10., a.) His second ground for relief hinges on "whether the Court abused it['s] Discretion when it change [sic] the robbery in the State to the Bobbs [sic] act and excepted [sic] a tainted plea of Guilt." (Pet. at ¶10.,b.)

Claiming that his remedy, in the form of a motion to vacate pursuant to 28 U.S.C. § 2255, is inadequate, Mr. Carlisle seeks this court's jurisdiction to vacate his sentence pursuant to 28 U.S.C. § 2241. He argues that the government failed to establish federal jurisdiction because the "circumstances" upon which they relied were artificially created. Moreover, "the evidence at the plea did not support a Hobbs act charge." (Pet. at ¶10.,a.) Instead, the evidence allegedly "[s]upport[ed] a robbery in the State of West Virginia and that amounted to entrapment as a matter of law." (Pet. at ¶10.,a.)

Petitioner also attacks the trial court's decision to convert a State robbery to a violation of the Hobbs Act as an abuse of discretion. He claims the evidence did not "establish the actual or potential Impact upon interstate Commerce, Nacessary [sic] to sustain Federal Jurisdiction under the Hobbs act." (Pet. at ¶10., b.) Beyond these general statements, Mr. Carlisle does not provide any legal or additional factual support for his claims.

*28 U.S.C. § 2241*

Claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, see Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Cabrera v. United States, 972 F.2d 23, 25-26 (2d Cir.1992); Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979). The remedy afforded under 28 U.S.C. § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. See Bradshaw, 86 F.3d at 166.

It is only through the safety valve provision of § 2255 that a federal prisoner may bring a § 2241 claim challenging his conviction or the imposition of his sentence. Under those circumstances, the prisoner must successfully assert that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." United States v. Hayman, 342 U.S. 205, 223 (1952); In re Hanserd, 123 F.3d 922, 929 (6th Cir.1997). It is not enough to merely state that the remedy is inadequate, but the prisoner must allege that the acts for which he was indicted do not establish the commission of a crime. See Lott v. Davis, No. 03-6172, 2004 WL 1447645, at *2 (6th Cir. June 18, 2004)("it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause"); see also Martin v. Perez, 319 F.3d 799, 804 (6th Cir.2003); United States v. Peterman, 249 F.3d 458, 462 (6th Cir. 2001)("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence").

It is the petitioner's burden to establish that his remedy under Section 2255 is inadequate or ineffective. Martin, 319 F.3d at 803. Mr. Carlisle states that his remedy is inadequate

3

because he is time-barred from filing a § 2255 motion. This does not entitle him to seek relief through the statute's safety valve. Section 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. See e.g., Charles v. Chandler, 180 F.3d 753, 756 (6th Cir.1999) (per curiam). Courts have specifically held that the remedy pursuant to § 2255 is not considered inadequate or ineffective simply because § 2255 relief has already been denied, see In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997), Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, see In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); Garris v. Lindsay, 794 F.2d 722, 726-27 (D.C. Cir.), cert. denied, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. See In re Davenport, 147 F.3d 605, 608 (7th Cir.1998).

Petitioner has failed to successfully argue that his remedy under § 2255 is inadequate to test the legality of his detention. His attack on the sufficiency of evidence at trial does not establish that he is "actually innocent." At most, he has argued legal insufficiency, not the factual innocence necessary to raise a § 2241 claim under § 2255's savings clause. See Charles, 180 F.3d at 757.

Based on the foregoing, this petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

   /s/ David A. Katz
DAVID A. KATZ
UNITED STATES DISTRICT JUDGE